LOCAL P–9, UNITED FOOD AND COM-
MERCIAL WORKERS INTERNA-
TIONAL UNION, AFL–CIO, Unincor-
porated Association, Appellee,

v.

GEORGE A. HORMEL & COMPANY,
a Delaware corporation, Appellant.

No. 85–5016.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1985. ·

Decided Nov. 12, 1985.

David S. Doty of Minneapolis, Minn., for
appellant.

Wesley Kennedy of Chicago, Ill., for ap-
pellee.

Before HEANEY, JOHN R. GIBSON
and FAGG, Circuit Judges.

HEANEY, Circuit Judge.

George A. Hormel & Company ("Hor-
mel") appeals from the district court's sum-
mary judgment order which vacated an
"amended" arbitration award in favor of
Hormel and enforced an "original" arbitra-
tion award in favor of Local P–9, United
Food and Commercial Worker's Union (the
"Union"). For the reasons set forth below,
we reverse and remand for further pro-
ceedings consistent with this opinion.

I. BACKGROUND.

Hormel and the Union are signatories to
a collective bargaining agreement govern-
ing the terms and conditions of employ-
ment at Hormel's meat packing plant in
Austin, Minnesota. This agreement sets
forth a "final and binding" arbitration pro-
cedure for resolution of disputes involving
the meaning and application of the agree-
ment.

In April, 1983, the parties submitted to arbitration a dispute over a newly issued work schedule for the processing of "Cure 81" hams. On May 17, 1983, the arbitrator issued an "opinion and award" in favor of the Union. A letter accompanying the award stated:

> If, after reviewing the award, the parties desire to discuss it, I would suggest the hearing be reconvened at 9:00 a.m. on Thursday, May 26, 1983 at the offices of the Company.

Upon Hormel's request, a meeting between the Union, Hormel and the arbitrator was convened. Although the Union objected to reconsideration of the award, the arbitrator requested additional briefing. Thereafter, the arbitrator issued an "amended" award in favor of Hormel.

The Union then brought this action seeking to vacate the "amended" award and confirm the "original" award. The Company sought to introduce an affidavit from the arbitrator which stated that he intended the original award to be a "draft" award. The court held that this affidavit was inadmissible because it was an arbitrator's "post-award comment" which was inconsistent with the *Code of Professional Responsibility for Arbitrators of Labor-Management Disputes* and with judicial and labor law policy proscribing consideration of post-award comment or testimony by arbitrators. The court then granted the Union's motion for summary judgment, holding that the award was final and binding and, accordingly, could not be reconsidered under the *"functus officio"* doctrine. Hormel appeals.

## II. DISCUSSION.

The district court properly explained the *functus officio* doctrine [1] as follows:

> It has been said to be "a general rule in common law arbitration that when arbitrators have executed their awards and

declared their decision they are functus officio and have no power to proceed further." A detailed statement of this common law rule explains:

> "The authority and jurisdiction of arbitrators are entirely terminated by the completion and delivery of an award. They have thereafter no power to recall the same, to order a rehearing, to amend, or to "interpret" in such manner as may be regarded as authoritative. But they may correct clerical mistakes or obvious errors in arithmetical computation."

599 F.Supp. 319, 321–22 (D.Minn.1984), *quoting* Elkouri & Elkouri, *How Arbitration Works* 239 (3d ed. 1973) (footnotes omitted). *Accord LaVale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 573 (3d Cir.1967).

It is clear, however, that the parties and the arbitrator have full authority to establish the procedural rules of arbitration. *See, e.g., John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964); *General Drivers, Etc. v. Sears, Roebuck & Co.*, 535 F.2d 1072, 1076 (8th Cir.1976). Accordingly, an arbitrator may proceed by issuing a "draft" award, discussing it with the parties, and then make such alterations of it as he sees fit because the draft opinion was not a final award. *See United Steelworkers of America v. Ideal Cement Co.*, 762 F.2d 837, 841 (10th Cir.1985); *Air Line Pilots Ass'n v. Northwest Airlines, Inc.*, 498 F.Supp. 613 (D.Minn.1980).

Thus, the question here is whether the initial award was a "final" one, *see Ideal Cement Co.*, 762 F.2d at 842, or merely a "draft" open for reconsideration. The district court gave five reasons for its holding that the award was final. First, the award indicated that it was issued pursuant to the section of the collective bargaining agreement which provides that arbitration

---

1. We need not decide the extent to which this doctrine is applicable in proceedings such as this one, under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because we agree with the district court that, in this case, if the arbitrator's award was final, it was improper for the arbitrator to order new briefing and amend his award so as to change the result. *See United Steelworkers of America v. Ideal Cement Co.*, 762 F.2d 837, 841 n. 3 (10th Cir.1985); *McClatchy Newspapers v. Central Valley Typo, etc.*, 686 F.2d 731, 734 n. 1 (9th Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982).

awards shall be "final and binding." Second, the initial award and opinion did not state that it was merely a draft, and it was signed and dated. *But see id.* Third, the letter accompanying the award did not indicate that it was merely a draft. Fourth, the amended award did not state that the original was a draft. Finally, a Hormel representative's notes of a phone conversation with the arbitrator states that the original award was "final and binding" and that the May 26 meeting was "[n]o forum to debate" and "not to adjust the award."

Hormel raises two principal arguments why the initial award was intended to be a draft. First, it points out that the letter accompanying the award suggested that "the hearing be reconvened." Hormel contends that this made clear that the award was merely a draft to be reconsidered at the reconvened hearing. Second, Hormel offered an affidavit by the arbitrator in which he makes two contentions. First, that he intended that the May 17 award serve merely as a draft:

> The initial Opinion and Award was sent to the parties on May 17, 1983. Although he signed and dated the Opinion, it was meant to only be a draft Opinion subject to further taking of evidence if it were found to be in error by either of the parties. It was his intention that, should the parties accept the Opinion, the initial Opinion would become the award. That did not happen.

Affidavit of James C. Reynolds, October 23, 1984, ¶ 7.

Second, in paragraph six of the affidavit, the arbitrator asserts that he advised the parties at the initial hearing that his initial award would be provisional:

> At the initial meeting he indicated that he would be issuing an opinion and that,

because it involved complicated observations, calculations and assumptions of various standards, he would be requesting that the parties be given an opportunity to present further materials at a reconvened hearing subsequent to the issuing of the draft Opinion and Award. *Id.*, ¶ 6.

■■■ We affirm the district court's exclusion of all sections of the arbitrator's affidavit other than paragraph 6. These sections state that it was the arbitrator's intent that the initial award be a draft.[2] Both the *Code of Professional Responsibility of Arbitrators of Labor Management Disputes* and numerous cases support the principle that, absent consent of the parties, it is generally improper for an arbitrator to interpret, impeach or explain a final and binding award. *Id.*, CCH Labor Reports ¶ 6905, part 6f § D1; *Devine v. White,* 697 F.2d 421, 433 (D.C.Cir.1983); *McClatchy Newspapers v. Central Valley Typo., etc.,* 686 F.2d 731, 733–34, 734 n. 1 (9th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *Wood v. Gen'l Teamsters Union, Loc. 406,* 583 F.Supp. 1471, 1472, 1473 (W.D.Mich.1984). *But cf. Harvill v. Roadway Express, Inc.,* 640 F.2d 167, 169–70 (8th Cir.1981) (Federal courts have power to remand an arbitration award to the arbitrator where the award is *patently* incomplete, ambiguous or inconsistent.)

■■■ We find, however, that the district court should have admitted paragraph six of the arbitrator's affidavit, which states that he informed the parties at the initial hearing that the first award would be a preliminary one open for reconsideration.[3] *Harvill,* 640 F.2d at 170; *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1264 (5th Cir.1980). Paragraph six does

---

2. Additionally, there are several sections of the affidavit which state the arbitrator's qualifications, etc. Other sections relate the nature of the revisions made to the award. These sections are either unnecessary or impinge on the arbitrator's decision-making process and thus must be excluded.

3. Although we find paragraph six to be admissible, we nonetheless caution against the use in LMRA § 301 enforcement cases of such post-award comments by arbitrators. If an arbitrator wishes to issue a draft award and receive comments by the parties prior to finalization, the arbitrator should make clear that the parties understand that this will be the procedure followed.

not impeach the initial award or explain the arbitrator's decision-making process, but merely describes the procedural process which the arbitrator allegedly told the parties he would follow. On remand, this evidence must be considered along with all other evidence—including the testimony of persons who were present at the initial hearing as to what the arbitrator did or did not say—to determine whether the award was a preliminary one or a final one. Because this remains a disputed issue of fact, summary judgment was inappropriate.

Reversed and remanded for further proceedings consistent with this opinion.