# UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

No. 99-1009WMKC

| | | |
|---|---|---|
| Legion Insurance Co., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| VCW, Inc .; Preferred | * | |
| Administrative Services, Inc., | * | |
| | * | |
| Appellants. | * | |

Appellee's petition for rehearing by the panel has been considered by the court and is granted. The opinion and judgment of this court entered on October 21, 1999, are vacated.

On the court's own motion the opinion of October 21, 1999, is withdrawn and the attached opinion is filed in its stead.

November 24, 1999

Order Entered at the Direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1009

———————

Legion Insurance Co.,      *
       *
      Appellee,     *
       *    Appeal from the United States
    v.         *    District Court for the
       *    Western District of Missouri.
VCW, Inc.; Preferred Administrative    *
Services, Inc.,        *
       *
      Appellants.    *

———————

Submitted: September 16, 1999

Filed: November 24, 1999

———————

Before BEAM and FAGG, Circuit Judges, and BOGUE,[1] District Judge.

———————

BEAM, Circuit Judge.

The doctrine of *functus officio* prevents arbitrators from revisiting a final award after the final award has been issued.[2] In this appeal by VCW, Inc., and Preferred

---

[1] The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2] See Domino Group, Inc. v. Charlie Parker Memorial Found., 985 F.2d 417, 420 (8th Cir. 1993); Local P-9, United Food and Commercial Workers Int'l Union, v. George A. Hormel & Co., 776 F.2d 1393, 1394 (8th Cir. 1985).

Administrative Services, Inc. (PAS), we hold that this doctrine prevented an arbitration panel from rescinding a final arbitration award after a federal district court decided to vacate in part and confirm in part that award. We also hold that the district court erred when it used section 10 of the Federal Arbitration Act (FAA) to both vacate and confirm the award.

## I.      BACKGROUND

VCW markets insurance policies to truckers. In 1993, Legion Insurance Co. and VCW agreed that Legion would provide insurance policies and that VCW would market the policies. The deal provided, in part, that: (1) VCW would collect premiums for Legion; (2) PAS, a VCW affiliate, would adjust and administer claims; (3) Legion would reinsure the risk with Mutual Indemnity (Bermuda) Ltd. (Mutual); and (4) VCW would post letters of credit in favor of Mutual as a security deposit.

Ultimately, the parties became disgruntled with each other's performance. Legion asserted that VCW failed to remit premiums and VCW contended that Legion and Mutual wrongfully refused to reduce VCW's letters of credit obligations. The claims were submitted to an arbitration panel. Resolution of the claims set off a decisional ping-pong match between the arbitration panel and the federal district court.

First, the arbitration panel heard both Legion's and VCW's claims and issued an "Interim Order" that instructed VCW to pay premiums to Legion. The order also instructed Mutual Indemnity to reduce the amount of VCW's letters of credit.

Legion then asked the district court to nullify the portion of the arbitration award that reduced the letters of credit. The district court granted Legion's request, finding that the arbitration panel had exceeded its powers in arbitrating the issue. Thus, the district court vacated that portion of the arbitration panel's order, but confirmed the portion of the order that awarded unpaid premiums.

Not satisfied with the district court ruling, VCW and PAS returned to the arbitration panel and requested that the panel rescind its award of premiums to Legion. The arbitration panel granted the request. The panel stated that it had intended its original award of premiums to be indivisible from the award of a reduction of the letters of credit.

Finally, Legion returned to district court and filed a motion to vacate the arbitration panel's second order that rescinded the award of premiums. The district court then vacated the panel's order, ruling that the doctrine of *functus officio* barred the panel from rescinding the award.

VCW and PAS appeal the district court's order vacating the panel's second order. VCW and PAS also appeal the district court's decision to vacate in part and to confirm in part the arbitration panel's first order.[3]

## II.    DISCUSSION

### A.    Applicability of the *Functus Officio* Doctrine

VCW first argues that the *functus officio* doctrine is inapplicable because the arbitration panel's first order was not final.[4] "Whether the award indicates that [it] is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final." Local 36, Sheet Metal Workers Int'l Assoc. v. Pevely Sheet Metal Co., 951 F.2d 947, 949 (8th Cir. 1992).

---

[3]Legion has moved to supplement the record on appeal. We grant that motion, but note that the supplemental information has no bearing on our decision.

[4]We review questions of law *de novo*. See United States v. Garner, 181 F.3d 988, 991 (8th Cir. 1999).

In this case, we have no doubt that the arbitration panel intended the award of premiums to be a final order. This intent is shown by language in the order itself that instructs the parties to seek further relief in federal district court. The arbitrators certainly would not have so instructed if they had planned to revisit, and possibly rescind, the award of premiums at a later date. Moreover, the parties must have felt that the arbitrators intended the award of premiums to be final because there is nothing in the record to indicate that either side argued to the district court that the court did not have jurisdiction to review the award for lack of finality.

VCW also argues that the order was not final because the panel still had to decide additional issues, such as the amount of adjustments to the award of premiums. An award cannot be final if significant issues still need to be determined. See id. However, we do not think that a minor adjustment to the award creates an important issue. Further, an order does not have to be final in all aspects for the *functus officio* doctrine to apply. See Domino Group, Inc. v. Charlie Parker Memorial Found., 985 F.2d 417 (8th Cir. 1993) (applying *functus officio* doctrine when the arbitrator still had to clarify an award of damages).

Because we find the order was final, VCW is only entitled to relief if an exception to the doctrine applies. Neither of the two exceptions to the doctrine that have been recognized in this circuit is applicable. See Local P-9, United Food and Commercial Workers Int'l Union v. George A. Hormel & Co., 776 F.2d 1393, 1394 (8th Cir. 1985) (recognizing exceptions to the *functus officio* doctrine for mistakes evident on the face of the award and for changes when the parties consent). VCW urges that we create an additional exception that would allow arbitrators to clarify a final award that is incomplete because the award failed to address a post-award contingency. To bolster this argument, VCW relies principally on two cases from other circuits. See International Bhd. of Teamsters v. Silver State Disposal Serv., Inc., 109 F.3d 1409 (9th Cir. 1997); Glass, Molders, Pottery, Plastics and Allied Workers Int'l Union v. Excelsior Foundry Co., 56 F.3d 844 (7th Cir. 1995).

-4-

But, even if we were to adopt this broad exception, this case is completely different from the cases on which VCW relies. In both <u>Glass</u> and <u>International Brotherhood of Teamsters</u>, the arbitrators clarified an award *prior to* district court review. <u>See</u> <u>International Bhd. of Teamsters</u>, 109 F.3d at 1410; <u>Glass</u>, 56 F.3d at 845-46. In this case, the arbitration panel clarified the award *after* the district court acted on the award. VCW has not cited any case in which the *functus officio* doctrine was not applied *after* the district court vacated or confirmed the final award. VCW's failure to cite such a case is not surprising because such a result would effectively grant an arbitration panel power to conduct appellate review of a federal district court decision. This would be absurd. Thus, we reject VCW's argument that this case falls within an exception to the *functus officio* doctrine.

**B.      The District Court Decision to Vacate in Part and Confirm in Part**

VCW argues, and we agree, that the district court erred when it used section 10 of the FAA to vacate in part and confirm in part the arbitration panel's first order. We review *de novo* a district court's decision to vacate an arbitration award. <u>See</u> <u>Executive Life Ins. Co. v. Alexander Ins. Ltd.</u>, 999 F.2d 318, 320 (8th Cir. 1993).

The FAA creates only two avenues for attacking an arbitration award. Under section 10, a district court may vacate an award; under section 11, a district court may modify an award. Section 10 allows a district court to vacate an arbitration award when: the award was procured by corruption; the arbitrators had a conflict of interest; the arbitrators committed prejudicial misconduct in refusing to postpone a hearing or in refusing to hear material evidence; or the arbitrators exceeded their powers. <u>See</u> 9 U.S.C. § 10. Section 11 allows a district court to modify an arbitration award when: an award contains an evident material miscalculation or misdescription; an award was made by the arbitrators in a matter not submitted to them; or an award is imperfect in form. <u>See</u> 9 U.S.C. § 11. In this case, the district court, applying section 10, decided

to vacate in part and confirm in part the award because it determined that the arbitration panel exceeded its authority in arbitrating the letters of credit issue.

While this determination is of concern to us, we make no finding at this time as to whether the district court was correct. Under the conditions of this appeal, we need not reach the question of panel authority.

Our review of the initial arbitration order convinces us that the arbitration panel intended the award of premiums to be indivisible from the award on the letters of credit. Whatever the rule may be under different circumstances, when a panel by the language it uses makes clear that it intends its award to be indivisible, the district court must take the award as it finds it and either vacate the entire award using section 10 or modify the award using section 11.[5] Moreover, in this instance, to vacate only a portion of the award would result in an unintended windfall in favor of Legion. Because the district court erred when it decided to vacate only part of the award using section 10 and did not determine whether the award could be modified using section 11, we remand for further consideration of the dispute.

## III.  CONCLUSION

---

[5]Our precedents are somewhat unclear as to whether a district court may ever partially vacate an award using the standards of section 10. See Centralab, Inc. v. Local No. 816, Int'l Union of Elec., Radio and Machine Workers, 827 F.2d 1210 (8th Cir. 1987) (upholding a district court that used section 10 to vacate one part and confirm another part of an arbitration award); UHC Mgmt. Co. v. Computer Sciences Corp., 148 F.3d 992 (8th Cir. 1998) (holding that section 11 applies when a litigant seeks to have part of an arbitration award nullified and part of an award confirmed). Because the arbitration panel was explicit in its intent to make an indivisible award, we need not decide all the components of this issue today.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.