# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 94-30562
_____

### RON FOLSE,

                                        Plaintiff-Appellee,

#### VERSUS

### RICHARD WOLF MEDICAL INSTRUMENTS CORP., ET AL.,

                                        Defendants,

### RICHARD WOLF MEDICAL INSTRUMENTS CORP.,

                                        Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Eastern District of Louisiana

_____

(June 16, 1995)

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is the district court's denial of the motion of Richard Wolf Medical Instruments Corp. to compel a return to arbitration and to stay Ron Folse's action concerning the same dispute. We **REVERSE AND REMAND**.

I.

In January 1988, Folse entered into a sales representative agreement with Wolf. The agreement required any dispute arising from the employment to be resolved through arbitration.[1]

Following Folse's resignation in September 1991, a dispute arose over the failures of Wolf to pay sales commissions due Folse, and of Folse to return inventory (sample medical instruments) to Wolf. Accordingly, in July 1992, Wolf demanded arbitration; the parties proceeded to a hearing before Arbitrator Jack Hansen on February 16, 1993.

Although the arbitrator expected to make a ruling within 30 days from the hearing, the first "conditional" ruling did not issue until September 1993, more than six months after the hearing. Under that ruling, Folse was to return portions of Wolf's inventory, and Wolf was to provide documentation from which Folse could substantiate his commissions.

Six months later, neither party had complied.[2] On February 6, 1994, the arbitrator issued his second conditional ruling, noting

---

[1]     The arbitration clause stated:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof. The arbitration is to be held in Chicago, Illinois.

[2]     It appears that Wolf did not produce the requested documentation, claiming it did not possess it. And although Folse was willing to ship portions of the inventory to Wolf, he refused to provide written confirmation of an agreed date on which the parties could inspect the inventory.

the parties had acted unreasonably, urging compliance with the first ruling, and threatening the parties with forfeiture of their claims. On April 25, 1994, for unexplained reasons, Hansen was removed as the arbitrator by the American Arbitration Association. The parties were asked to select a new arbitrator from a list provided by the AAA. Wolf, however, wrote the AAA requesting that arbitration be held in abeyance for six months so that the parties could attempt to settle the matter. The AAA forwarded this request to Folse for comment; Folse responded by filing this action.

Folse's complaint claimed breach of contract and failure of the arbitration process, and named Wolf, the AAA, and Hansen as defendants. Wolf moved, pursuant to §§ 3 and 4 of the Federal Arbitration Act (the Act), 9 U.S.C. §§ 3, 4, to compel the parties to return to arbitration, and for a stay of the action. Adopting as its reasoning Folse's brief in opposition to Wolf's motion, the district court denied the motion.

## II.

We review freely the district court's refusal to compel the parties to return to arbitration, and to stay Folse's action. *Snap-On Tools Corp. v. Mason*, 18 F.3d 1261, 1264 (5th Cir. 1994) (compel arbitration); *In re Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993) (stay proceedings).

Wolf moved, pursuant to § 4 of the Act, 9 U.S.C. § 4, to compel arbitration (in this instance, return to arbitration). A district court's first task in evaluating such a motion is to determine "whether the parties agreed to arbitrate [the] dispute".

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Catholic Diocese v. A.G. Edwards & Sons, Inc.*, 919 F.2d 1054, 1056 (5th Cir. 1990). When the parties have so agreed, they "should be held to [their agreement]", unless some "legal constraint[] external to the parties' agreement foreclos[es] the arbitration of those [disputes]" (as when "Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue"). *Mitsubishi Motors*, 473 U.S. at 628. Folse does not deny that this dispute is covered by the arbitration agreement, nor does he contend that some external legal constraint should foreclose arbitration. Rather, he contends, and the district court agreed, that the arbitration process has simply failed, and that he should not be made to endure it any longer.[3]

Folse relies on § 10 of the Act, 9 U.S.C. § 10, which states, in part:

> In either of the following cases the United States court in and for the district *wherein the award was made* may make an order *vacating the award* upon the application of any party to the arbitration --
>
> . . .
>
> (c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear

---

[3]    Folse also cites authority for the proposition that Hansen and the AAA, by their failure to produce a timely result, have lost their immunity and are subject to this action. *E.g.* **E.C. Ernst, Inc. v. Manhattan Const. Co.**, 551 F.2d 1026, 1033 (5th Cir.), *op. modified*, 559 F.2d 268 (5th Cir. 1977), *cert. denied*, 434 U.S. 1067 (1978). We need not address this point. Hansen and the AAA have not asserted immunity or, to our knowledge, even responded to Folse's complaint. Moreover, Folse's complaint requests no relief against Hansen or the AAA, other than the claim that jurisdiction no longer lies with them.

evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.

(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

(e) Where an award is vacated and the time within which the agreement required the award to be made has not expired the court may, in its discretion, direct a rehearing by the arbitrators.

(Emphasis added.) Folse contends that the arbitrator's conduct matches any one of the above bases for vacatur. We, however, need not reach these contentions in order to conclude that § 10 provides no basis for the district court's refusal to compel arbitration.

By its own terms, § 10 authorizes court action only *after* a final award is made by the arbitrator. *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980). Folse concedes that there has been no final award; and, as noted, he does not dispute either that the arbitration agreement is valid, or that his claims fall within it. Therefore, arbitration should have been compelled. *See Smith, Barney, Harris Upham & Co. v. Robinson*, 12 F.3d 515, 520-21 (5th Cir. 1994).

We conclude also that the district court erred in refusing to stay this action pursuant to § 3 of the Act, 9 U.S.C. § 3.

> [Section 3] provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. This provision is mandatory: If the issues in a case are within the reach of the agreement, the district court has no discretion under section 3 to deny the stay.

*In re Complaint of Hornbeck*, 981 F.2d at 754 (internal quotations and citations omitted). Again, the agreement and the arbitrability of the issues are not disputed.[4]

Needless to say, the arbitration of this dispute should have never reached this point in time (over three years since the arbitration process began) or place (federal court). And, it is more than unfortunate that the arbitration process, designed to resolve disputes in a timely and cost-efficient manner, has failed the expectations of at least one, if not both, of the parties. Nonetheless, our directive in this case is clear: these facts do not permit us to intervene until the parties see this arbitration through to a final award.[5]

### III.

For the foregoing reasons, the judgment is **REVERSED** and this matter is **REMANDED**, with instructions that the parties be returned to arbitration, and that Folse's action be stayed.

**REVERSED AND REMANDED.**

---

[4] Folse notes correctly that § 3 requires a stay only when the applicant for the stay is not in default of the arbitration. He suggests that Wolf was in default by failing to comply with the arbitrator's rulings. The district court did not make such a finding, nor do we.

[5] Much of the delay in the arbitration is attributable to the parties. We do not reach whether some set of circumstances might justify relief from an arbitration, even when no final award has issued. We are not here presented with such a scenario.