**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-20742
(Summary Calendar)
_____

ANDRE J. HOWARD,                                                                      Plaintiff-Appellant,


versus


VOLUNTEERS OF AMERICA,


                                                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
H-99-CV-3511

_____

March 11, 2002


Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

FACTUAL AND PROCEDURAL HISTORY

On or about October 12, 1999, Andre Howard ("Howard"), proceeding *pro se*, filed a

complaint against the Volunteers of America ("VOA") alleging discrimination based on race, gender,

and disability under Title VII of the Civil Rights Act of 1964. He also contended that he was retaliated

---

[*]Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstance set forth in 5th CIR. R. 47.5.4.

against, treated in a manner inconsistent with the employee handbook, and that VOA was liable for intentional infliction of emotional distress. On September 14, 2000, VOA filed a Motion to Compel Arbitration in the district court. Arbitration of all disputes arising out of Howard's employment was required by a document entitled "Terms and Conditions of Employment."

On November 8, 2000, the district court ordered that the case proceed to arbitration and that the case be administratively closed. No relief has been sought, requested, or granted in the district court since the entry of the November 8, 2000 order. However, no arbitration proceeding has been held since the order was issued. Howard now requests that this Court order VOA to participate in an arbitration proceeding.

DISCUSSION

In his *pro se* brief, Howard appears to raise the following issues: (1) whether the district court erroneously compelled arbitration finding that the case was within the scope of the arbitration agreement signed by both parties, and (2) if the district court properly compelled arbitration, whether this court can force the parties to arbitrate within a specified time.

Because we do not have jurisdiction, we will not address the merits of these issues. Under the Federal Arbitration Act ("FAA"), an order directing arbitration to proceed is not appealable. 9 U.S.C. § 16 (b)(2). Therefore, we do not have jurisdiction over Howard's first claim. Further, this court has found that the FAA "[b]y its own terms. . .authorizes [appellate] court action only after a final award is made by the arbitrator." Folse v. Richard Wolf Med. Instruments Corp., 56 F.3d 603, 605 (5th Cir. 1995) (citing 9 U.S.C. § 10)). Because no final award has been issued, we may not reach the merits of his second claim. It appears that Howard's only recourse is to return to the district court to request another order compelling arbitration within a certain period of time. 9 U.S.C. § 4 (1999)("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement

for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . , for an order directing that such arbitration proceed in the manner provided for in such agreement.").

## CONCLUSION

Accordingly, we DISMISS this appeal for lack jurisdiction.

DISMISSED.