XO COMMUNICATIONS, INC., Plaintiff

v.

TERRA TELECOMMUNICATIONS CORP. World Access Communications Corp. Defendants

No. 02–CV–1578.

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 25, 2002.

John A. Fraser, III, Law Office of John A. Fraser III, Reston, VA, for Plaintiff.

Robert J. Cunningham, Whitestone Brent Young & Merril, PC, Fairfax, VA, for Defendants.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the Court on Plaintiff's Motion to Compel Arbitration.

### I. Background

Plaintiff XO Communications, Inc. ("Plaintiff") is a licensed telecommunications carrier. Plaintiff agreed to purchase telecommunications services from Defendants Terra Telecommunications Corp. and World Access Communications Corp. (collectively, "Defendants"). However, dispute arose as to $1.2 Million that remains unpaid under this contract.

Pursuant to their contractual agreement, the parties submitted this claim to arbitration. Specifically, JAMS arbitration served as moderator for the dispute and it began the arbitral process in January 2002. According to the parties' contract with JAMS, fees for the arbitration are split between the parties. But this arrangement also gave rise to disagreement. By October 2002, JAMS had contacted the parties and indicated that it would halt the pending arbitration—which was then at the discovery stage—until the fee payment could be rectified. In particular, JAMS demanded that respective portions of now delinquent payments be paid by the parties, and until such time as the payments are made, the arbitration would be suspended.

Consequently, Plaintiff filed this claim in this Court specifically requesting that the Court compel arbitration. In furtherance of that Complaint, Plaintiff brings this motion to compel arbitration. Defendant opposes the motion.

### II. Standard of Review

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, a court must enforce an arbitration agreement that: (1) comprises part of a written contract between the parties "if the contract or transaction involves. interstate commerce"; (2) pertains to the specific dispute at issue; and (3) is "valid under general principles of contract law." *Hendrick v. Brown & Root, Inc.*, 50 F.Supp.2d 527, 531–32 (E.D.Va.1999) (Payne, J.) (citing 9 U.S.C. § 2). Section 3 of the FAA requires that:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

agreement shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement

9 U.S.C. § 3.

 Irrespective of the presumption in favor of arbitration, the Court must determine the "scope and meaning of an arbitration provision," which requires the Court to apply "traditional and familiar rules of contract interpretation." *Id.* But the Court's powers other than determining the scope of the agreement and the enforcement of an arbitral award are essentially non-existent. *See Glass v. Kidder, Peabody & Co.,* 114 F.3d 446, 455 (4th Cir.1997).

### III. Analysis

 This case presents the peculiar question of whether the Court may compel a party to return to arbitration. Although the issue has not been addressed by the Fourth Circuit,[1] the Fifth Circuit has twice addressed the issue. *See Gulf Guar. Life Ins. Co. v. Conn. Gen'l Life Ins. Co.,* 304 F.3d 476, 487 (5th Cir.2002); *Folse v. Richard Wolf Medical Instr. Corp.,* 56 F.3d 603, 605 (5th Cir.1995). In both of these decisions, the Fifth Circuit concluded that among the limited powers of the district court in enforcing arbitration agreements, is the power to compel the parties to return to the arbitrator, in accord with their arbitration agreement. *See Gulf Guar.,* 304 F.3d at 487; *Folse,* 56 F.3d at 605.

But the strange disposition of this case even escapes the Fifth Circuit's precedent. Indeed, in both *Gulf Guaranty* and *Folse,* the plaintiffs filed suit for monetary damages based on the merits of the dispute submitted to arbitration and it was the defendants who opposed requesting a compelled return to arbitration. *See Gulf Guar.,* 304 F.3d at 480–81; *Folse* 56 F.3d at 604. In contrast, in this case, the plaintiff seeks only to return to arbitration, and it is the defendant who opposes.

Thus, the Court is left without precedent on the issue. However, taking guidance from the Fourth and Fifth Circuits, the answer appears to be that the Court has the authority to compel a return to arbitration. Indeed, the Court is not meddling in the procedural affairs of the arbitral forum, it is merely ordering that the parties resolve their dispute in that forum, not this one.

In this regard, Plaintiff's action is accurately described as pre-emptive. In fact, Plaintiff is assuring that the resolution of this case comes from the arbitral forum, not the judicial forum. Moreover, nothing in this decision should be construed as mandating that one party or another pay fees to JAMS. That decision is one for JAMS, not this Court. Plainly, all this decision does is foreclose the judicial forum in favor of the arbitral forum. The means and manner in which the arbitration is resolved is left entirely to the arbitrator.

This result is also grounded in the FAA's preference for arbitral resolution. The parties agree in this case that a binding arbitration agreement is in place. Moreover, the parties agree that the arbitration agreement is valid and that the dispute should be resolved in arbitration. In granting this motion to compel all the Court does today is foreclose the judicial forum for resolution of this dispute.

---

1. *Glass* is not determinitve of the issue. In the *Glass* decision the Fourth Circuit held that the District Court lacked jurisdiction to *halt* an ongoing arbitration, by declaring that the doctrine of laches barred further proceeding in the arbitration. *See Glass,* 114 F.3d at 455.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's motion to compel arbitration will be GRANTED. An appropriate Order will issue.