Filed 8/15/16  Judge v. Superior Court CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| GERMAINE JUDGE,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>  Respondent;<br><br>NIJJAR REALTY, INC., et al.,<br><br>  Real Parties in Interest. | B267694<br><br>(Los Angeles County<br>Super. Ct. No. BC460592) |

ORIGINAL PROCEEDING in mandate.  Ruth Ann Kwan, Judge.  Petition granted.

The Dion-Kindem Law Firm, Peter R. Dion-Kindem; The Blanchard Law Group and Lonnie C. Blanchard III for Petitioner.

No appearance for Respondent.

Atkinson, Andelson, Loya, Ruud & Romo, Ronald W. Novotny, Christopher S. Andre and Amber S. Healy for Real Parties in Interest.

_____

# INTRODUCTION

When is an arbitration award not an arbitration award?  When it does not "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy," as required by Code of Civil Procedure section 1283.4.[1]  And when it is not an arbitration award, it cannot be vacated.  In this original proceeding, we issue a writ of mandate directing the trial court to vacate its order vacating an award that did not qualify as an arbitration award under section 1283.4.

# FACTUAL AND PROCEDURAL BACKGROUND

## A.      *Germaine Judge's Two Actions*

This litigation arises out of two actions filed by Germaine Judge against Pama Management Company, Nijjar Realty Inc., Mike Nijjar, Swaranjit Nijjar (collectively, the Nijjar defendants), and several other individuals.  The first case, filed on May 6, 2011 (Super. Ct. L.A. County, No. BC460592; the individual/PAGA action), alleged various Labor Code violations and other employment-related causes of action, including claims for unpaid compensation, meal and rest period premiums, waiting time penalties, wage statement violations, failures to maintain adequate workplace temperature, unlawful business practices, and wrongful termination.  Judge alleged similar causes of action under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.) on behalf of "herself and other persons who are or were employed by the alleged violator and against whom one or more of the alleged violations was committed."

The second case, filed on February 14, 2012 (Super. Ct. L.A. County, No. BC478836; the class action), was a class action also against the Nijjar defendants.  Judge's class action complaint alleged six similar employment and Labor Code claims on

---

[1]      Undesignated statutory references are to the Code of Civil Procedure.

behalf of herself and the members of the class. (See *Judge v. Nijjar Realty, Inc.* (2014) 232 Cal.App.4th 619, 623 (*Judge I*).)

On April 9, 2012 the trial court determined that the individual/PAGA action and the class action were related cases within the meaning of Los Angeles County Superior Court former rule 7.3(f) (now rule 3.3(f)). The court did not consolidate the two actions. (*Judge I*, *supra*, 232 Cal.App.4th at p. 623.)

B.      *The Order Compelling Arbitration of and Staying Both Cases*

While she was an employee of Nijjar Realty, Judge signed an arbitration agreement. This agreement provided, in relevant part: "By accepting employment with [PAMA Management], the undersigned agrees to submit any and all previously unasserted claims, disputes, lawsuits or controversies arising out of or relating to his or her application or candidacy for employment, his or her employment, or the cessation of his or her employment to binding arbitration before a neutral and unbiased arbitrator." The arbitration agreement specified that arbitration would be with the American Arbitration Association (AAA). (See *Judge I*, *supra*, 232 Cal.App.4th at pp. 623-624.)

The Nijjar defendants filed a petition in the individual/PAGA action to compel arbitration of Judge's claims and to stay the action pending completion of arbitration. Although the arbitration agreement did not mention the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.) or the California Arbitration Act (CAA) (§ 1280 et seq.), the Nijjar defendants argued that the FAA governed the arbitration agreement because Nijjar Realty engaged in interstate commerce. In their petition to compel arbitration of the individual/PAGA action, the Nijjar defendants asked the court to order Judge to submit all of her claims to arbitration, without distinguishing between "individual" and other claims, arguing that "all of [Judge's] claims in this action are subject exclusively to resolution through final and binding arbitration as required by a written agreement to arbitrate that must be enforced pursuant to the FAA." (See *Judge I*, *supra*, 232 Cal.App.4th at p. 624.)

The Nijjar defendants also filed a petition to compel arbitration of and to stay the class action. Again relying on the FAA, they asked the trial court "'to compel the arbitration [of] Plaintiff's claims against them on an individual and not a class-wide basis,'" and to stay the action "'pending the completion of arbitral proceedings.'" The Nijjar defendants asked that "'arbitration be ordered as an individual as opposed to a collective basis,'" and argued that the arbitration agreement "'contain[s] no basis at all for authorizing class arbitration proceedings, thereby requiring that Plaintiff be compelled to arbitrate her claims against Defendants individually and not as part of a class action.'" (*Judge I*, *supra*, 232 Cal.App.4th at p. 624.)

Judge opposed both petitions to compel arbitration, arguing, among other things, that the FAA did not govern the arbitration agreement. In the class action Judge argued that, if the court were inclined to grant the petition, the court "'must send all of the claims asserted by Plaintiff to arbitration, including the PAGA claims and the class action claims.'" (See *Judge I*, *supra*, 232 Cal.App.4th at p. 624.)

On September 11, 2012 the trial court determined that the FAA governed the arbitration agreement, and granted the Nijjar defendants' petition to compel arbitration and to stay proceedings in the individual/PAGA action. In a section of the court's ruling entitled "Covered Claims," the court stated that Judge's "employment-related claims" and her "*individual* PAGA claims" were covered by the arbitration agreement. The court also granted the Nijjar defendants' petition in the class action to compel arbitration "only as to Plaintiff's individual claims" and to stay proceedings. Citing *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662 (*Stolt-Nielsen*), the trial court ruled that, because "the Agreement is silent on the issue of class arbitration, arbitration cannot be compelled on a class-wide basis. Therefore, Defendants' motion to compel arbitration is granted as to Plaintiff's individual claims only." Both cases proceeded to arbitration before the AAA. (See *Judge I*, *supra*, 232 Cal.App.4th at p. 626.)

4

C.      *The Arbitrator's Clause Construction Award*

On December 7, 2012 the arbitrator, after noting that the trial court had "found the arbitration agreement to be enforceable pursuant to the [FAA]," ruled as follows: "Except as provided to the contrary in the arbitration agreement, the proceeding will be governed by the FAA, California substantive law, the Employment Dispute Resolution Rules of the [AAA], and the AAA's Supplementary Rules for Class Arbitrations." In a section of her ruling entitled "Clause Construction Award," the arbitrator stated that she would be issuing a "partial final award on the construction of the arbitration clause." On January 21, 2013, after the parties had briefed the issue, the arbitrator issued a lengthy clause construction award, and concluded that the arbitration agreement permitted arbitration of class and PAGA claims. (See *Judge I*, *supra*, 232 Cal.App.4th at pp. 626-627.) The arbitrator ruled, however, "[t]his does not mean that this matter will proceed on a class and/or representative basis. At the appropriate time, [Judge] will have an opportunity to seek class certification, which may or may not be granted. . . . Also, at the appropriate time, [the Nijjar defendants] will have an opportunity to argue that the PAGA claims cannot proceed on a representative basis because of manageability or other issues."

D.      *The Nijjar Defendants' Petition To Vacate the Clause Construction Award in the Individual/PAGA Action*

On March 8, 2013 the Nijjar defendants filed a petition in the individual/PAGA action to vacate the clause construction award. The Nijjar defendants argued that the "Arbitrator . . . lacked jurisdiction to issue a 'clause construction award,' and clearly exceeded her power in doing so, because the parties had already submitted [the issue of arbitrability to] the Court to decide and were bound by the Court's ruling." The Nijjar defendants also argued that they "did not agree to arbitrate the issue of whether the parties' agreement provided for class or representative action, either under the AAA's Supplementary Rules for Class Arbitration or otherwise," and that the parties never agreed to arbitrate class claims. Judge opposed the petition to vacate the arbitrator's

5

clause construction award and asked the court to confirm it. (See *Judge I*, *supra*, 232 Cal.App.4th at p. 627.)

On April 2, 2013 the trial court granted the Nijjar defendants' petition to vacate the clause construction award. The court ruled: "The Arbitrator exceeded her powers by deciding the issue of whether the parties agreed to arbitrate class or representative claims. The parties submitted the issue *to the Court* for determination. Defendants petitioned the Court to compel arbitration of Plaintiff's claims against them on 'an individual and not a class-wide basis,' pursuant to *Stolt-Nielsen . . . .* [Citation.] In opposition to the petition, Plaintiff argued that if the Court ordered arbitration, 'it must order arbitration of all Plaintiff's claims, including the PAGA claims and the class action claims.' [Citation.] The Court ruled on the issue of class and representative arbitration by granting the petitions to compel arbitration (in BC478836 [the class action] and BC460592 [the individual/PAGA action]) only as to *Plaintiff's individual claims*. The Court had the authority to address the issue because the parties expressly and specifically submitted the matter for determination *by the Court*."

"Once the Court ruled on the issue of class and representative arbitration, the Arbitrator lost authority, even under the AAA rules, to decide the issue. As discussed above, the parties submitted the issue of class and representative arbitration to the Court for determination and the Court ruled on the issue by granting Defendants' petitions to compel arbitration of Plaintiff's individual claims. The AAA Rules, on which Plaintiff relies, require that the Arbitrator follow the Court's ruling. See AAA Supplementary rule 1(c) ('Whenever a court has, by order, addressed and resolved any matter that would otherwise be decided by an arbitrator under these Supplementary Rules, the arbitrator shall follow the order of the court.'). [Citation.] By issuing the Clause Construction Award and finding the arbitration agreement 'expressly authorizes class/representative arbitration,' the Arbitrator violated AAA Supplemental Rule 1(c) and exceeded her authority." (See *Judge I*, *supra*, 232 Cal.App.4th at pp. 627-628.) Judge appealed the trial court's April 2, 2013 order.

6

E.     *Judge's Appeal*

In a published decision, we dismissed the appeal.  We held:  "Although an order vacating a final arbitration award is appealable under Code of Civil Procedure section 1294, subdivision (c), the order from which Judge appeals vacated a 'clause construction award' that did not resolve the entire arbitration.  Instead, the arbitrator's award determined only, as a threshold matter, that Judge's class and representative claims were subject to arbitration.  The clause construction award did not rule on the merits of those claims." (*Judge I*, *supra*, 232 Cal.App.4th at p. 622, fn. omitted.)  Therefore, we concluded, "because the arbitrator has not ruled on any of the substantive issues in the arbitration, the order from which Judge appeals did not vacate a final arbitration award and is not appealable."  (*Ibid.*)

After determining that California procedural law governed the appealability of the trial court's order vacating the clause construction award (*Judge I*, *supra*, 232 Cal.App.4th at pp. 629-632), we noted that section 1294 "governs appealability of orders in arbitration matters in California."  (*Id.* at p. 632.)  Although section 1294, subdivision (c), provides that an order vacating an award is appealable unless a rehearing is ordered, and the trial court here did not order a rehearing, the trial court's order vacating the clause construction award did not vacate an arbitration "award," as California law defines that term.  Therefore, we held that, "[b]ecause the clause construction award does not qualify as an 'award under section 1283.4, the trial court's order is not an order vacating an arbitration award, and it is not appealable." (*Judge I*, *supra*, 232 Cal.App.4th at pp. 633-634.)

If the clause construction award is not an arbitration award for purposes of appellate jurisdiction, can it be an arbitration award for purposes of trial court jurisdiction?  In other words, if we did not have jurisdiction to hear an appeal from an order vacating the clause construction award because the award did not resolve all of the questions necessary to determine the controversy, did the trial court have jurisdiction to vacate the clause construction award in the first place?  Logically, the answer is no, but we did not have jurisdiction in *Judge I* to give that answer (because we had no

7

jurisdiction to hear the appeal). We did state, however, the following: "Because the order vacating the clause construction award is not appealable, the resolution of whether the trial court had jurisdiction to vacate a less than final arbitration award in the first instance must await future determination. It is highly unlikely, however, that the trial court had jurisdiction to rule on the Nijjar defendants' petition, which sought to vacate a less than final ruling made by the arbitrator. [Citation.] It does not seem right that the trial court would have jurisdiction to vacate an interim award and this court would not have jurisdiction to review the trial court's ruling. Nothing in this opinion should be construed as precluding Judge from filing in the trial court a motion for reconsideration of the order vacating the interim clause construction award, at least in the individual/PAGA action, which is the only case in which the trial court vacated the interim award." (*Judge I*, *supra*, 232 Cal.App.4th at p. 634, fn. 12.) One would think that, if on remand Judge relied on this portion of our opinion and made such a motion for reconsideration, the trial court would see that it, like this court, lacked jurisdiction to vacate the clause construction award.

F. *Judge's Motions for Reconsideration and the Nijjar Defendants' Motion To Enforce the Court's Order Compelling Arbitration of Judge's Individual Claims*

One would be wrong. Judge filed that very motion, and the trial court denied it.

On May 15, 2015 Judge filed a motion for reconsideration of the court's April 2, 2013 order vacating the clause construction award. Judge argued that this court had "made it clear that the Clause Construction Award issued by the Arbitrator was not 'final,'" and, because the trial court had "no jurisdiction to vacate a non-final 'Clause Construction Award,'" the trial court should vacate its order vacating the clause construction award "and allow the matter to proceed to arbitration, the forum that the parties agreed would resolve their disputes." The Nijjar defendants argued in opposition to the motion that the court should refrain from ruling on the motion until the United States Supreme Court ruled on their petition for certiorari, and that this court's opinion in

8

*Judge I* was "plainly insufficient to compel the Court to do anything, by the panel's own admission."

Judge subsequently filed another motion for reconsideration, asking the court to reconsider its prior order compelling arbitration of Judge's "individual" PAGA claim, although, as noted, the Nijjar defendants did not ask for such an order in the individual/PAGA action and it is not clear the court ever made such an order. Judge, concerned the trial court "appears to have only ordered the arbitration of [Judge's] 'individual' PAGA claims," cited a recent California case holding that the court had no authority to bifurcate a PAGA claim into individual and representative claims, because "a single representative PAGA claim *cannot* be split into an arbitrable individual claim and a nonarbitrable representative claim." (*Williams v. Superior Court* (2015) 237 Cal.App.4th 642, 649.) Judge asked the court to modify its prior order, and either order the PAGA claims to arbitration in their entirety or submit the issue to the arbitrator. Judge did not ask the court to bifurcate and stay her PAGA claims while the arbitrator decided her other claims.

The Nijjar defendants opposed this motion for reconsideration too, arguing that the court should strike the motion because it was untimely and "contained almost four pages of single-spaced quotes and numerous footnotes and smaller quotes," making it an "oversized brief filed without the Court's permission," and again asking the court to wait until the United States Supreme Court ruled on its petition for certiorari.[2] The Nijjar defendants also argued that the court lacked jurisdiction to hear Judge's motion because the arbitration "is still pending – and is decidedly *not final*, by the Court of Appeal's own reckoning . . . ." The Nijjar defendants asked the court in the alternative to order Judge to pursue her PAGA claim in court because, they contended, the California Supreme

_____

[2]     The trial court did not wait to rule on the motion for reconsideration, and the United States Supreme Court subsequently denied the Nijjar defendants' petition for certiorari. (See *Judge I*, *supra*, 232 Cal.App.4th 619, cert. den. (2015) __ U.S. __ [136 S.Ct. 87].)

9

Court's decision in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*), "clearly does not permit the arbitration of [a] representative claim brought under [PAGA]."

Meanwhile, in the class action, the Nijjar defendants filed a motion entitled, "Motion to Enforce the Court's September [11], 2012 Order Compelling Arbitration of Plaintiff's Individual Claims."[3] Although it is not clear from the moving papers, the motion essentially became necessary because, as noted in *Judge I*, "the Nijjar defendants did not move to vacate the clause construction award in the class action," and therefore, as we stated in footnote 16 of our opinion in *Judge I*, "that interim award remains in effect in the arbitration." (*Judge I*, *supra*, 232 Cal.App.4th at p. 638, fn. 16.) The motivation for the Nijjar defendants' motion apparently was Judge's service of written discovery in the class action arbitration, and the arbitrator's ruling lifting the stay of the class action arbitration.[4] Instead of moving to vacate the clause construction award in the class action, however, the Nijjar defendants asked the trial court "to enforce" (their interpretation of) the trial court's prior order.

In their "motion to enforce," the Nijjar defendants argued that Judge and the arbitrator were "willfully failing and refusing to comply" with the court's September 11, 2012 order that the class action "be submitted to binding arbitration on an individual basis," and that "class arbitration is *not* permitted by the arbitration agreement." The Nijjar defendants asked the trial court to ignore footnote 16 of our opinion in *Judge I*

---

3      Thus, the Nijjar defendants were arguing on the one hand that, despite this court's decision in *Judge I*, the fact the arbitration was not final did not prevent the trial court from vacating the clause construction award and hearing the Nijjar defendants' motion "to enforce" the order that sent the matter to arbitration, and on the other hand that, because of this court's decision in *Judge I*, the fact the arbitration was not final prevented the trial court from hearing Judge's motion for reconsideration of the same order.

4      On June 22, 2015 the arbitrator sent the parties an email stating: "The stay related to [the] class claims is hereby lifted. Discovery as to [Judge's] individual and class claims may proceed and the parties are encouraged to be diligent about this discovery so it can be completed before memories fade and documents are lost or destroyed."

10

because it was "just a general observation that was not the basis of the appeal," it was "not necessary" to our decision, and it "did not determine the rights of the parties in any subsequent trial or appeal because the award itself was found to lack finality and [the Nijjar] defendants would therefore be able to petition to vacate it in future proceedings." Critiquing our opinion in *Judge I*, the Nijjar defendants added, "There is no authority whatsoever that even remotely suggests that the law actually required Defendants to file two identical petitions to vacate the same exact award, and to so hold was the most obvious kind of judicial policy making imaginable."

In opposition to this motion, Judge argued that the trial court had no jurisdiction to grant the motion, and stated that the Nijjar defendants "can make the appropriate motion to vacate if they disagree with" the arbitrator's final award. Judge also argued that the motion was untimely under section 1288, which requires that a party must file a petition to vacate or correct an award within 100 days of service of the award.

On September 29, 2015 the trial court issued two written rulings, one in the individual/PAGA action and one in the class action. In the individual/PAGA action, the trial court denied Judge's motion for reconsideration of the order vacating the clause construction award. The trial court stated, "[T]he Court of Appeal did not make an express finding that this Court lacked jurisdiction to rule on [the Nijjar defendants'] petition to vacate the 'Clause Construction Award.' In fact . . . the Court of Appeal expressly stated the 'resolution of whether the trial court had jurisdiction to vacate a less than final arbitration in the first instance *must await future determination*.' The Court of Appeal merely *questioned* whether this Court 'would have jurisdiction to vacate an interim award' when the Court of Appeal 'would not have jurisdiction to review' this Court's ruling." The trial court concluded it had jurisdiction to vacate the clause construction award because the parties' agreement provided for arbitration under the

11

AAA rules, and the AAA rules provide for judicial review of a clause construction award.[5]

On Judge's motion for reconsideration of the order compelling arbitration of her PAGA claims, the trial court granted the motion in part, but not in a way Judge had requested. Citing *Williams v. Superior Court*, *supra*, 237 Cal.App.4th 642, the court found that "recent case law establishes that representative PAGA claims cannot be split into arbitrable individual PAGA claims and nonarbitrable PAGA representative claims." The court determined therefore that its September 11, 2012 order compelling arbitration of Judge's individual PAGA claim was "no longer supported by law." Rather than ordering the PAGA claims to arbitration as Judge had requested, however, the trial court "sever[ed] and stay[ed] [Judge's] representative PAGA claims pending the outcome of the individual arbitration." The court reasoned that "the California Supreme Court's ruling in *Iskanian* suggests representative PAGA claims are not subject to arbitration, pursuant to an arbitration agreement entered into before any dispute arises, even under the FAA."

In the class action, the trial court denied the Nijjar defendants' motion to enforce the September 11, 2012 order, ruling that they were "essentially asking the Court to interfere with the arbitration proceedings by forcing the Arbitrator to comply with" the court's prior order, which the trial court stated it did not have jurisdiction to do. The court stated that footnote 16 of our opinion in *Judge I* did "not constitute the law of the case," and, in any event, "as a practical matter" the court, the arbitrator, and the parties had treated the PAGA action and the class action "as one for purposes of arbitration and the petition to vacate the 'Clause Construction Award.'" The court stated that when it vacated the clause construction award it "assumed the parties were moving on/addressing both cases," and the court "intend[ed] the ruling to apply to both the PAGA action and the class action." Although the trial court denied the Nijjar defendants' motion, the court

---

[5]    At the hearing on the motions, the trial court stated, "it's clear that the AAA rule wants a mechanism in which it can go back to the courts," and because the parties "agreed to following the AAA rule . . . the court has authority to do so."

emphasized how it would rule when it had jurisdiction: "If the Arbitrator elects to proceed with arbitration on the class claims, in violation of the Court's September 11, 2012 Order, the arbitration award may be subject to a motion to vacate."

### G. *Judge's Petition for Writ of Mandate and This Court's Order*

Judge filed a petition for writ of mandate asking this court to direct the trial court to vacate its order vacating the clause construction award and "refusing to order the PAGA claims to arbitration and instead severing them and staying them." Judge argued that the trial court's order "disregarded this Court's clear reasoning underlying its decision to dismiss [the] previous appeal," and was "directly contrary to the parties' arbitration agreement and the FAA . . . ."

We issued an order stating that the record filed in support of the petition established Judge was entitled to the relief she was requesting from this court. We notified the parties that, "[i]n view of the clear legal error apparent in [the trial court's] orders," we intended "to issue a peremptory writ of mandate in the first instance." (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183.) We also stated that the trial court could "avoid the issuance of a peremptory writ by vacating its orders of April 2, 2013 and September 29, 2015, and issuing a new order denying the petition to vacate the Clause Construction Award."

On January 19, 2016 the trial court declined to vacate its April 2, 2013 and September 29, 2015 orders. The court's minute order states: "After due consideration, and additional briefing by the [Nijjar] defendants, this Court will not be vacating its orders of April 2, 2013 and September 29, 2015." The Nijjar defendants filed an additional opposition to Judge's petition for writ of mandate.

## DISCUSSION

Although we stated in *Judge I* that it was "highly unlikely . . . that the trial court had jurisdiction to rule on the Nijjar defendants' petition" to vacate the clause

13

construction award, we did not have jurisdiction to reach the issue. (*Judge I*, *supra*, 232 Cal.App.4th at pp. 628, 634, fn. 12.) We do now.[6]

A.     *The Trial Court Did Not Have Jurisdiction To Vacate the Clause Construction Award*

The trial court can confirm, vacate, or correct an arbitration award. (See § 1285 ["[a]ny party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award"].) We held in *Judge I*, however, that the clause construction award was not an arbitration award. "Section 1283.4 provides that an arbitration award must 'include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy.' The clause construction award in this case does not determine all of the questions that are necessary for the arbitrator to decide in order to determine the controversy. Rather, the clause construction award only resolved what the arbitrator described as the 'threshold matter' of 'whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class,' and allowed the class claims to continue." (*Judge I*, *supra*, 232 Cal.App.4th at p. 633.) Therefore, the clause construction award is not an award the trial court can confirm, vacate, or correct. (*Id.* at p. 635; see *Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 767 ["[b]efore confirming an award, the trial court has a duty, in order to follow the dictates of section 1283.4, to ensure that the arbitrator's 'award' is an 'award' within the meaning of that statute"]; Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2016) ¶ 5:422.5 [although "[a]rbitration proceedings may be bifurcated," an "interim order cannot be confirmed, corrected or vacated by a court"].)

---

6     We review the trial court's determination that it had jurisdiction to vacate the clause construction award de novo. (See *In re Estate of Kraus* (2010) 184 Cal.App.4th 103, 112-113; *Shisler v. Sanfer Sports Cars, Inc.* (2008) 167 Cal.App.4th 1, 6; *Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1123-1124.)

14

The Nijjar defendants argue that "[t]he jurisprudence developed under the FAA . . . clearly respects the rights of parties to fashion their ability, by contract, to obtain interim review of awards issued pursuant to 'formal, agreed-to' bifurcated proceedings." Citing a bevy of federal cases allowing petitions to vacate interim arbitration awards under Section 10 of the FAA (9 U.S.C. § 10),[7] which governs orders vacating an arbitration award in federal court,[8] the Nijjar defendants assert that it is "beyond question that parties to an agreement to arbitrate governed by the FAA have the right to an immediate judicial challenge to a 'clause construction award' under that

---

[7]     *Bosack v. Soward* (9th Cir. 2009) 586 F.3d 1096, 1104; *Hart Surgical, Inc. v. Ultracision, Inc.* (1st Cir. 2001) 244 F.3d 231, 233-234; *Legion Ins. Co. v. VCW, Inc.* (8th Cir. 1999) 198 F.3d 718, 720; *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.* (2d Cir. 1998) 157 F.3d 174, 176; *Folse v. Richard Wolf Medical Instruments Corp.* (5th Cir. 1995) 56 F.3d 603, 605; *Trade & Transport v. Natural Petro. Charterers* (2d Cir. 1991) 931 F.2d 191, 195, 196; *International Bancshares Corp. v. Lopez* (S.D. Tex. 2014) 57 F.Supp.3d 784, 787; *Lousiana Health Service Indemn. Co. v. Gambro A B* (W.D.La. 2010) 756 F.Supp.2d 760, 764.

[8]     Section 10 of the FAA, 9 United States Code section 10, subdivision (a) provides:

"In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

"(1) where the award was procured by corruption, fraud, or undue means;

"(2) where there was evident partiality or corruption in the arbitrators, or either of them;

"(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

"(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

15

statute, when they arbitrate under an agreement or set of rules that provides for such review."

Not in California. As the California Supreme Court stated in *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, "'the United States Supreme Court does not read the FAA's procedural provisions to apply to state court proceedings.'... As we have noted, the provisions for judicial review of arbitration awards in sections 10 and 11 of the FAA are directed to 'the United States court in and for the district where the award was made.'" (*Id.* at p. 1351; see *SWAB Financial v. E\*Trade Securities* (2007) 150 Cal.App.4th 1181, 1195 ["[i]n cases falling under the United States Arbitration Act, chapter 1, California courts are not required to apply title 9 United States Code section 10, which governs vacating arbitration awards under the federal act"]; *Ovitz v. Schulman* (2005) 133 Cal.App.4th 830, 851 ["[t]he language of the relevant sections of the FAA— sections 10 and 12—strongly suggest that they apply only in federal court proceedings"]; *Siegel v. Prudential Ins. Co. of America* (1998) 67 Cal.App.4th 1270, 1290 ["[t]he language of section 10 with its reference to courts of the United States and the 'district' where the award was made is inconsistent with it being applicable to litigation before state judges"]; see also *Swissmex-Rapid S.A. de C.V. v. SP Systems, LLC* (2012) 212 Cal.App.4th 539, 546 ["section 9 of the FAA is procedural in nature and does not apply to state court litigation"].)[9]

---

[9] Courts in other states have reached a similar conclusion. (See, e.g., *Raymond James Financial Services, Inc. v. Honea* (Ala. 2010) 55 So.3d 1161, 1168 ["§ 10 represents procedural as opposed to substantive law"]; *Trombetta v. Raymond James Financial Services, Inc.* (Pa. Super. Ct. 2006) 907 A.2d 550, 569 ["FAA § 10 only applies to proceedings in United States district courts"]; *Atlantic Painting & Contracting Inc. v. Nashville Bridge Co.* (Ky. 1984) 670 S.W.2d 841, 846 ["there is . . . nothing in the [FAA] remotely suggesting that the 'motion to vacate' procedure . . . has any application at all to such state action," and the FAA's "procedural aspects are confined to federal cases"]; see also *Nafta Traders, Inc. v. Quinn* (Tex. 2011) 339 S.W.3d 84, 99 ["it is not clear to what extent the FAA's procedures, prescribed expressly for federal courts, ever apply in state courts"]; *St. Fleur v. WPI Cable Systems/Mutron* (Mass. 2008) 879 N.E.2d 27, 33 ["[b]ecause the procedures in 9 U.S.C. § 4 do not apply to State courts, a State court may apply its own law"].)

Nor, contrary to the trial court's ruling, did the parties' arbitration agreement, which refers to AAA arbitration, confer jurisdiction on the trial court in this case. (*Judge I, supra*, 232 Cal.App.4th at p. 637; see *Airlines Reporting Corp. v. Renda* (2009) 177 Cal.App.4th 14, 20 ["'parties cannot confer jurisdiction by consent'"]; *In re A.C.* (2005) 130 Cal.App.4th 854, 860 [subject matter jurisdiction "cannot be conferred by stipulation [or] consent"]; see also *Baker v. Varney* (1900) 129 Cal. 564, 566 ["'[i]t is . . . a well-settled and universally applied principle that consent of parties cannot confer upon a court jurisdiction which the law does not confer'"].)[10]  Moreover, the AAA rule referenced by the trial court and cited by the Nijjar defendants, Rule 3 of the AAA Supplementary Rules for Class Arbitrations, provides in relevant part:  "'Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the 'Clause Construction Award').  The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award.'"  (*Judge I, supra*, 232 Cal.App.4th at p. 626, fn. 6.)  This rule, which governs the conduct of arbitrators, not courts, describes a 30-day period to allow a party to make a motion to vacate in "a court of competent jurisdiction."  The trial court, unlike a federal district court, was not a court of competent jurisdiction for hearing a

10      The agreement did not contain a choice of law provision mandating application of the FAA's procedural provisions.  (See *Mave Enterprises, Inc. v. Travelers Indemnity Company of Connecticut* (2013) 219 Cal.App.4th 1408, 1429 ["a state court applies its own procedural law—here, the procedural provisions of the CAA—absent a choice-of-law provision expressly mandating the application of the procedural law of another jurisdiction"]; *Valencia v. Smyth* (2010) 185 Cal.App.4th 153, 177 ["the FAA's procedural provisions do not apply in state court *unless* the parties expressly adopt them"].)

motion to vacate an award that does not qualify as an arbitration award under section 1283.4.

B.      *The Trial Court Erred by Severing and Staying Judge's PAGA Claims*

As noted, the trial court originally granted the Nijjar defendants' motion to compel arbitration of the individual/PAGA action.  Although it is unclear whether the court's order compelling arbitration ordered only Judge's individual claims to arbitration, Judge apparently was concerned the court may have made such an order.  Therefore, on remand after *Judge I*, Judge asked the trial court to modify its order and either order the individual/PAGA action to arbitration in its entirety, or submit the issue to the arbitrator.  Judge did not ask the court for an order bifurcating and staying her PAGA claims.  Nevertheless, the court made such an order:  "[Judge's] motion for reconsideration of the Court's September 11, 2012 Order granting [the Nijjar] Defendants' petition to compel arbitration of the PAGA claims on an 'individual' basis is granted (in part).  The Court severs and stays [Judge's] representative PAGA claims pending the outcome of the individual arbitration."

This was error.  Although purporting to grant Judge's motion, the court actually denied it by imposing a remedy Judge never requested but that favored the Nijjar defendants.  (See *Monarch Healthcare v. Superior Court* (2000) 78 Cal.App.4th 1282, 1286 [an order should not "issue like a 'bolt from the blue out of the trial judge's chambers'"].)  Judge's motion for reconsideration asked the court to confirm it had previously ordered Judge's PAGA claims to arbitration, not to enter a new order severing and staying her PAGA claims.  The Nijjar defendants did not file a motion asking the court, rather than the arbitrator, to decide Judge's PAGA claims.  To the contrary, the Nijjar defendants filed and prevailed on a motion to compel arbitration of Judge's PAGA

18

claims.[11]  Counsel for Judge argued at the hearing that the court had already ordered the parties to arbitrate Judge's PAGA claims, and now the court was "saying the parties are not to arbitrate the PAGA claim," which counsel for Judge pointed out was "a 180-degree reversal of your previous decision."  The court acknowledged, "it could be."  Although courts are entitled to change their minds and come up with new ideas, they should give the parties sufficient notice and opportunity to brief those ideas before acting on them.

C.    *Conclusion*

The trial court did not have jurisdiction to vacate the arbitrator's clause construction award in the individual/PAGA action under section 1285 because the clause construction award is not an arbitration award under section 1283.4.  The trial court did not have jurisdiction to vacate the arbitrator's clause construction award in the class action because the Nijjar defendants did not file a petition to vacate the award in that case, and, even if they had, the trial court would not have had jurisdiction to grant it.  The trial court also erred in granting (but really denying) Judge's motion for reconsideration of the order compelling arbitration of her PAGA claims.

The trial court's rulings reflect that it wanted the arbitrator to rule in a particular way and intended to make sure the arbitrator did so, and that the court has decided it will grant any future petition to vacate the Nijjar defendants may file, regardless of the arguments the parties make or the result of the arbitration.  As the Nijjar defendants argue in opposition to Judge's petition in this proceeding, the trial court has "made itself exceedingly clear as to how the arbitrator is required to proceed on [the PAGA] claims," "the Arbitrator would be in violation of the court's Order if she continues to require class

---

[11]    Indeed, both parties (at different times) sought arbitration of Judge's PAGA claims:  Judge in her motion for reconsideration and the Nijjar defendants in their original petition to compel arbitration in the individual/PAGA action.  The Nijjar defendants specifically argued that "claims aggrieved under PAGA are arbitrable," and that "PAGA claims which give plaintiffs the right to seek recovery of civil penalties on behalf of the state in their capacity of 'private attorneys general' are . . . most assuredly so."

arbitration of [Judge's] Labor Code claims," and "any award issued on that basis will be subject to [a] subsequent petition to vacate."  According to the Nijjar defendants, "[i]t . . . could not be clearer at this juncture that if the case proceeds to arbitration on a class basis and results in some class arbitration award, any award will be summarily vacated by the trial court," and "the trial court has clearly indicated, *on no fewer than six occasions*, that it will vacate any class-based arbitral award . . . ."  The Nijjar defendants even suggest that they may not participate in the arbitration because they believe the trial court "intends to vacate" the award anyway.

We share the Nijjar defendants' view of the trial court's rulings and the court's statements indicating it has already made up its mind on issues that will be briefed and argued in the future.  Therefore, in the interests of justice, we direct that a different trial judge hear further proceedings in this matter.  (See § 170.1, subd. (c); *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079; *In re Z.K.* (2011) 201 Cal.App.4th 51, 72; see also *Webber v. Webber* (1948) 33 Cal.2d 153, 158; *Pacific etc. Conference of United Methodist Church v. Superior Court* (1978) 82 Cal.App.3d 72, 86-87; *Rosenfield v. Vosper* (1941) 45 Cal.App.2d 365, 371.)

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court (1) to vacate its April 2, 2013 order vacating the arbitrator's clause construction award and its September 29, 2015 order denying Judge's motion for reconsideration, and to enter a new order denying the Nijjar defendants' petition to vacate the clause construction award;

20

(2) to vacate its September 29, 2015 order granting in part Judge's motion for reconsideration of the court's order compelling "individual" arbitration of Judge's PAGA claims; and (3) to assign a different judge to hear the case on remand. Petitioner is to recover her costs in connection with this petition.

SEGAL, J.

We concur:

PERLUSS, P. J.

ZELON, J.