**LOCAL 36, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, AFL–CIO, Appellant,**

v.

**PEVELY SHEET METAL CO., INC., Appellee.**

No. 91–1403.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1991.

Decided Jan. 7, 1992.

---

* The Honorable BRUCE M. VAN SICKLE, Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas.

Arthur Martin, St. Louis, Mo., argued (David Holtzman, on the brief), for appellant.

James Foster, Jr., St. Louis, Mo., argued (Daniel Begian, on the brief), for appellee.

Before McMILLIAN, FAGG and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Local 36 of the Sheet Metal Workers International Association (Local 36) appeals from a final judgment entered in the District Court for the Eastern District of Missouri dismissing its action to enforce an arbitration award against Pevely Sheet Metal Company (Pevely) as untimely filed. *Local 36, Sheet Metal Workers Int'l Ass'n v. Pevely Sheet Metal Co.*, No. 90–0128C(3), 1991 WL 106287 (E.D.Mo. Jan. 7, 1991) (order). For reversal, Local 36 argues that the district court erred in holding that (1) the proper statute of limitations was the six-month period in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (section 10(b)), and (2) the limitations period began running when liability, not a determination of damages, was found. For the reasons discussed below, we reverse the judgement of the district court and remand the case to the district court for further proceedings consistent with our decision.

Local 36 had a collective bargaining agreement with Jones Sheet Metal, Inc. (Jones), which was principally owned by Richard Jones. This agreement included a provision requiring arbitration of grievances before the Joint Adjustment Board for the Sheet Metal Industry. After Jones filed for bankruptcy in July, 1986, Pevely began operations with Richard Jones as the principal owner and operator. On November 17, 1986, Local 36 filed a grievance with the Local Joint Adjustment Board asking that Pevely be declared the alter-ego of Jones and therefore bound by the collective bargaining agreement.

The grievance was referred to the National Joint Adjustment Board (NJAB). On August 1, 1988, the NJAB met to consider Local 36's grievance, but Pevely did not attend the meeting. On August 4, 1988, the NJAB issued its decision sustaining Local 36's grievance and finding the collective bargaining agreement in full force and effect and thus requiring Pevely to pay back wages and fringe benefit contributions as provided in the collective bargaining agreement. The NJAB stated that it was unable to determine the exact amount of damages and instructed the parties to meet to resolve the damage amount. In case the parties could not agree on an amount, the NJAB stated that it would retain jurisdiction "in the event the parties fail to agree on a satisfactory resolution of the issue."

The parties were unable to resolve the issue of damages. On July 28, 1989, the NJAB met to calculate the damages and once again Pevely did not appear. On August 1, 1989, after hearing evidence from Local 36, the NJAB issued an order requiring Pevely to pay $276,120.00 for the wage

and fringe benefit contributions required by the collective bargaining agreement.

Pevely refused to pay. On January 22, 1990, Local 36 filed a complaint in district court to enforce the arbitration award. Pevely filed its motion to dismiss or for summary judgment on March 12, 1990. The district court granted Pevely's motion to dismiss on January 7, 1991. The district court found (1) the most analogous statute of limitations was the six-month period contained in section 10(b) and (2) the limitations period began to run from the date of the order finding liability (August 4, 1988) as opposed to the date of the order which established the amount of damages (August 1, 1989). Because the complaint was filed on January 22, 1990, more than six months after August 4, 1988, the district court dismissed the complaints as untimely filed. Local 36 then appealed to this court.

█ We hold that the August 4, 1988, order was not a final order and the limitations period did not begin running until the order determining damages was issued on August 1, 1989. Therefore, under either the six-month statute of limitations applied by the district court or longer limitations period requested by Local 36,[1] Local 36's action to enforce the arbitration award was timely filed in district court. We therefore do not reach the issue as to the appropriate statute of limitations to be applied in this case.

Although the August 4, 1988, determination of liability was more than just a procedural event, it was not a final order. Whether the award indicates that is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final. *See Local P-9, United Food & Commercial Workers Int'l Union v. George A. Hormel & Co.*, 776 F.2d 1393, 1394–95 (8th Cir. 1985). The August 4, 1988, order specifically contained a provision whereby the NJAB retained jurisdiction if the parties were unable to reach an agreement as to damages. Local 36 had no arbitration award to enforce until damages were determined. The August 4, 1988, decision, while it was final as to liability, was not intended to be a final enforceable award as is shown by the NJAB's retaining jurisdiction.

Pevely argues that the determination of damages was a "ministerial" detail and thus the August 4, 1988, order was final. *See United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists*, 802 F.2d 247, 251 (7th Cir. 1986). We disagree. Here, the determination of damages did not merely involve a simple calculation, but required the resolution of significant issues. The NJAB had to determine the number of employees covered by the collective bargaining agreement; the rate of pay these employees should have received during this period; the type of work performed by Pevely; and what fringe benefit contributions should be made on behalf of employees under the collective bargaining agreement. The resolution of these issues was more than a ministerial detail and, therefore, the August 4, 1988, order was not a final order. *See Public Serv. Elec. & Gas Co. v. System Council U-2, Int'l Bhd. of Elec. Workers*, 703 F.2d 68, 70 (3d Cir.1983). Furthermore, the NJAB's August 4, 1988, decision did not establish any method for calculating damages, but merely directed the parties to meet to resolve damages. To determine damages, the NJAB had to take evidence relating to damages and then devise a method to calculate damages. This process involved more than simply a ministerial detail.

█ Therefore, because the August 4, 1988, order did not purport to be the final, enforceable order unless damages could be agreed on, and the NJAB specifically retained jurisdiction to determine damages, the August 4, 1988, order was not a final order. For an arbitration to be final and

---

1. Local 36 argues that the six-month statute of limitations in Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) does not apply in this case. Instead Local 36 argues that Missouri law should apply. Missouri law establishes no limitation period for actions to enforce or confirm arbitration awards, Mo.Rev.Stat. § 435.400 (Supp.1991). In the alternative, Local 36 alleges that Missouri's five year limitation period for actions to enforce a written contract, Mo.Rev.Stat. § 516.120, should apply.

therefore federal court jurisdiction to be proper, there must be a "complete arbitration." Some courts have called this the "complete arbitration" rule. *Union Switch & Signal Div., Am. Standard Inc. v. United Elec., Radio & Mach. Workers Local 610*, 900 F.2d 608, 611 (3d Cir.1990). Here, the arbitration was not complete until a determination of the damage amount was finished. Therefore, the August 1, 1989, order is the final order and the statute of limitations should not have begun running until August 1, 1989. Thus, Local 36's district court complaint to enforce its arbitration award was timely filed under either the six-month statute of limitations used by the district court or the longer limitation period advocated by Local 36.[2]

Accordingly, we reverse the order of the district court and remand the case to the district court for further proceedings consistent with our opinion.

**2.** Pevely also argues that the dispute should have never gone to arbitration because of the exclusive jurisdiction of the National Labor Relations Board (NLRB). Article X of the parties' collective bargaining agreement provides that all disputes will be submitted to arbitration before the Joint Adjustment Board of the Sheet Metal Industry. Given the NLRB's deference to arbitration, these actions were properly in arbitration and are not under the exclusive jurisdiction of the NLRB.