# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2255

_____

International Union, United Automobile, Aerospace & Agricultural Implement
Workers of America, AFL-CIO; UAW, Local 716

*Plaintiffs - Appellants*

v.

Trane U.S. Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: January 15, 2020
Filed: July 30, 2020

_____

Before KELLY, MELLOY, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

International Union, United Automobile, Aerospace & Agricultural Implement
Workers of America, AFL-CIO; and UAW, Local 716 (collectively, the Union) appeal
the district court's dismissal of its claims against Trane U.S. Inc. concerning an

arbitration award. Because we find that the Union is not time-barred from seeking to vacate the arbitration award, we reverse and remand.

I.

In February 2017, Trane announced that it would close its Fort Smith, Arkansas manufacturing plant and lay off hundreds of employees. The closure happened in two stages: a partial closure on April 4, 2017, and then a full closure on July 28, 2017. After the plant shut down completely, the Union and Trane disagreed about whether Trane violated their Collective Bargaining Agreement and Memorandum of Agreement (MOA) when it refused to provide vacation pay to approximately 200 union employees who were terminated because the plant closed.

After failing to resolve their differences through an internal grievance process, the parties entered into arbitration proceedings. The issue submitted to the arbitrator was "Did [Trane] violate the Collective Bargaining Agreement and MOA/Closing Agreement by denying 2017 vacation pay and unused accrued sick leave in 2017 to employees who were terminated at plant closing? If so, what shall be the proper remedy?"

On June 29, 2018, the arbitrator entered an award (the June Award) that stated "all employees shall be made whole for the full allowance of vacation pay for which they would have qualified for in 2017, according to the amount of their seniority."[1] The June Award did not further specify the number of employees or identify the specific employees that should be paid. The award also noted that the arbitrator "retains jurisdiction of this matter until the terms of the award are met."

---

[1]The arbitrator also denied the Union's grievance for sick pay, but the Union does not challenge that decision on appeal.

The parties interpreted the June Award differently. Trane believed the June Award required it to pay employees who would have been entitled to additional vacation pay based on employment milestones they would have reached in 2017 had the plant not closed. Trane sent checks to the three employees who qualified under this interpretation. In contrast, the Union thought the June Award also ordered Trane to pay the approximately 200 other employees who "might have qualified in 2017 and would have been entitled to receive [2017 vacation pay on] January 1, 2018" had the plant not closed. Given this disagreement, Trane contacted the arbitrator to address its compliance with the June Award.

On September 13, 2018, the arbitrator responded with the following email (the September Award):

> It is my understanding that the Company complied with this award by paying a week's additional vacation pay to three employees who had a milestone anniversary dates [sic] in 2017 that would have happened after their 2017 plant termination dates . . . . Thus, the Company complied with my award and I am no longer retaining jurisdiction in this matter.

The Union brought suit against Trane on December 10, 2018, seeking to compel further arbitration, or in the alternative, to vacate and remand the final arbitration award. The district court granted Trane's Rule 12(b)(6) motion to dismiss on two grounds. First, it determined that the June Award was the final arbitration award, and thus, the Union was untimely in filing its claim to vacate the award. Second, it held that the Union could not compel arbitration regarding the 200 additional employees' vacation pay because the arbitrator had already considered the issue in his June Award. This appeal followed.

-3-

II.

Both parties agree the applicable statute of limitations for seeking to vacate a final arbitration award in this case is ninety days after the parties received notice of the award. See United Parcel Serv., Inc. v. Mitchell, 451 U.S. 56, 60 (1981) ("[T]he timeliness of a [Labor-Management Relations Act] § 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations."); Ark. Code. Ann. § 16-108-223(b) (imposing a 90-day statute of limitations for a motion to vacate an arbitrator's award). They disagree, however, about which arbitration award—June or September—constitutes the final arbitration award that triggers the statute of limitations clock. The Union argues the June Award cannot be the final award because the arbitrator expressly retained jurisdiction to resolve remedy disputes.[2] According to the Union, because the September Award is the final award, its claim to vacate was timely. Trane's position is that the September Award was not an award at all but instead merely a confirmation that it had complied with the final award issued in June.

We review de novo the district court's grant of a motion to dismiss. See ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 728 F.3d 853, 857 (8th Cir. 2013). Whether an arbitration award is final depends on "[w]hether the award indicates that it is final and whether the arbitrator intended the award to be final." Local 36 Sheet Metal Works Int'l Ass'n AFL-CIO v. Pevely Sheet Metal Co., 951 F.2d 947, 949 (8th Cir. 1992).

---

[2]The Union also argues, in the alternative, if we determine the June Award is the final award, then we should compel further arbitration concerning Trane's compliance with the June Award. Because we find that the September Award is the final arbitration award, we do not address this alternative argument.

The text of the June Award indicates it was not the final award. In the June Award, the arbitrator expressly retained his jurisdiction "until the terms of the [June] award are met." We have previously stated that even if an arbitration decision "was final as to liability," it is "not intended to be a final enforceable award" if the arbitrator retains jurisdiction to determine damages. Id. at 949. An arbitration award is also not final if the arbitrator retains jurisdiction for the purpose of resolving disputes concerning "the application or interpretation" of an awarded remedy. SBC Advanced Sols., Inc. v. Commc'ns Workers of Am. Dist. 6, 794 F.3d 1020, 1031 (8th Cir. 2015). Here, the June Award indicates the arbitrator did not intend for it to be final because he explicitly retained jurisdiction "until the terms of the award are met"—that is, he contemplated possible disputes concerning the terms of the award and retained jurisdiction until such disputes were resolved.

And indeed, a dispute did arise regarding damages. The arbitrator resolved that dispute in the September Award and then expressly stated that he was "no longer retaining jurisdiction in this matter." In contrast to the June Award, the express relinquishment of jurisdiction in the September Award indicates the arbitrator intended the September award to be final and did not contemplate further disputes regarding the award.[3] Because the September Award is the final award and the Union filed its claim to vacate within 90 days of it, the Union's claim was timely.

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

---

[3]Whether it was proper for the arbitrator to entertain additional argument from the parties, given his express relinquishment of jurisdiction in the September Award, is not an issue before us.

KOBES, Circuit Judge, dissenting.

The court holds that the June Award is not final because the arbitrator retained jurisdiction to resolve disputes about damages. This implicitly adopts the Union's position that there was significant work to do after the June Award. There was not. The June Award is the final award, and because the Union filed its case more that 90 days later it is untimely. I respectfully dissent.

An award lacks finality if the "determination of damages d[oes] not merely involve a simple calculation, but require[s] the resolution of *significant* issues." *Local 36, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Pevely Sheet Metal Co.*, 951 F.2d 947, 949 (8th Cir. 1992) (emphasis added). In *Pevely*, the arbitrator "had to determine the number of employees covered by the collective bargaining agreement; the rate of pay these employees should have received during this period; the type of work performed by Pevely; and what fringe benefit contributions should be made." *Id.* And in *SBC Advanced Solutions, Inc. v. Communications Workers of America, District 6*, 794 F.3d 1020, 1032 (8th Cir. 2015), we found "the factual determination of how many tours each [employee] worked during which weeks" which involved a complicated pay differential formula "is more akin to the significant issues in *Pevely*." That is not the case here.

All Trane had to do was identify three employees that qualified for an additional week of vacation for milestone anniversaries—a "simple calculation." This is a "ministerial detail" that does not affect the June Award's finality. *SBC Advanced Sols*, 794 F.3d at 1032. The arbitrator confirmed this in an August 24 email, explaining that Trane "did what I stated should have happened--paid the three employees who would have reached their milestone anniversary dates in 2017 (after the plant closing

-6-

termination date) an additional week of vacation pay."[4]  D. Ct. Dkt. 17-4, at 1.  He reconfirmed it in the September email that the majority misconstrues as an award.[5]

The majority claims that the September email is the final award because the arbitrator stated that he "no longer retained jurisdiction."  Maj. Op. 5–6.  Even the Union does not call the email a final award.  The use of the magic word jurisdiction does not make it final, but this is the only factor the court considers.  *See Pevely*, 951 F.2d at 949 ("Whether the award indicates that is final and whether the arbitrator intended the award to be final are factors in determining if an arbitration award is final.").  Here, the arbitrator's September email was not even his final email on the subject.  The Union initiated another round of briefing on October 24, claiming that the arbitrator had "not yet addressed the central issue" and "resolve[d] only a portion of the Union's claim."  D. Ct. Dkt. 23-3, at 1–2.  That central issue is the same issue that the September email allegedly resolved.  *Id.* at 2.  After Trane requested more time to fully respond to the Union, the arbitrator agreed and stated he "look[ed] forward to reading your response."  D. Ct. Dkt. 23-6 at 1.  Those are not the words of an arbitrator that intended the September email to end the matter as he continued to entertain argument over the exact same issue.[6]

_____

[4]Even assuming that it was not clear that the June Award gave employees their milestone vacation pay until this email, the Union's complaint is untimely.

[5]The court does not address the Union's request, in the alternative, to compel further arbitration on whether Trane complied with the June Award.  I would affirm the district court because the record clearly shows that the arbitrator has answered this question twice:  Trane has complied.

[6]None of this untimely squabbling changes my view about the threshold question over whether this damages dispute is a ministerial detail.  As a result, it has no effect on the June Award's finality.

The Union refuses to accept the outcome of the June Award. But that does not mean the June Award is not final. Twice the arbitrator confirmed that the June Award only left the parties to identify three employees. If the Union disputed or misunderstood the June Award, it could have filed a motion with the arbitrator to modify the award within 20 days or a motion with the district court within 90 days. *See* Ark. Code Ann. §§ 16-108-220(b), 16-108-224. It did neither, so the claim is time barred. I would affirm the district court and respectfully dissent.

_____